**JANSSEN et al. v. BELDING–CORTICELLI, Limited, et al.**

Nos. 5842–5845.

Circuit Court of Appeals, Third Circuit.

Sept. 30, 1935.

See, also, (D. C.) 10 F. Supp. 991.

Wesley H. Caldwell and Arno P. Mowitz, both of Philadelphia, Pa., for appellants.

John H. Austin, of Philadelphia, Pa., for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

Four patent suits between certain parties are pending in the Court of Exchequer for the Dominion of Canada. It was alleged that certain of the material witnesses in those cases are residents of the United States. Among those are the petitioners-appellants, Krenkel, Eberly, Meinig, and Janssen.

The plaintiffs in the Canadian suits who are the respondents-appellees here obtained a commission from the Court of Exchequer directed to Everett G. Rodebough, Esq., of Philadelphia. The commission gave him power to examine the petitioners herein and other witnesses in matters pertaining to the suits pending in the Court of Exchequer. The commission was not directed to the United States District Court and its aid was not asked in enforcing it.

To enforce the commission, the respondents filed an ex parte petition in the District Court for an order directing the issuance of subpœnas duces tecum compelling the witnesses, who were desired, to appear before the commissioner appointed by the Court of Exchequer and to

submit to an examination in the matters touching the Canadian suits.

The District Court granted the order requested without notice to any of the persons who were sought as witnesses. Subpœnas were issued and served upon the witnesses.

The petitioners thereupon filed petitions to quash the subpœnas. The District Court denied their prayers to quash and entered an order requiring them to comply with the direction of the subpœnas upon three days' notice. The petitioners appealed, but were denied supersedeas.

The matters are here on petitions for writs of supersedeas and on motions by the respondents to dismiss the appeals.

The respondents contend that the appeals should be dismissed for the reason that the order of the District Court was not final, but we cannot dispose of this question until we hear argument on the merits.

At this time, we have only to decide whether or not we should grant the applications for supersedeas. If we do not allow a supersedeas and the witnesses are required to testify, the questions raised by the appeals which we cannot decide until the argument on the merits will become purely academic.

Consequently writs of supersedeas are granted pending argument on the appeals.